UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BERNARD COMBE, individually, and
SYLVIE COMBE, individually,

             Plaintiffs,

vs.

FLOCAR INVESTMENT GROUP CORP., a
Florida corporation; RESCO INTERNATIONAL
LLC, a Florida limited liability company;
FINANCE INDUSTRY CORPORATION, a
Delaware corporation; FIG MANAGEMENT
LLC, a Florida limited liability company;
DELMA KOESSLER, individually, and
ROBERT KOESSLER, individually.

             Defendants.
_____/

**COMPLAINT**

Case No.:   1:13-cv-22727-XXXX

## COMPLAINT

Plaintiffs, Bernard Combe and Sylvie Combe, by and through the undersigned counsel, file this Complaint against Defendants, Flocar Investment Group Corp., Resco International LLC, Finance Industry Corp., FIG Management LLC, Delma Koessler, and Robert Koessler. In support thereof, Plaintiffs state as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

3. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391 because Defendants reside in the Southern District of Florida, a substantial part of the events or

omissions giving rise to the claims occurred in the Southern District of Florida, and/or Defendants are subject to personal jurisdiction in the Southern District of Florida.

## THE PARTIES

4. Plaintiff Bernard Combe, an individual, is a citizen and resident of Nice in the Republic of France.

5. Plaintiff Sylvie Combe, an individual, is a citizen and resident of Nice in the Republic of France.

6. Defendant Flocar Investment Group Corp. ("Flocar") is a Florida corporation with its principal place of business at 999 Brickell Avenue, Suite 1000, Miami, Florida 33131. Defendants Delma Koessler and Robert Koessler are the owners and officers of Flocar. Flocar is a licensed real estate corporation in the state of Florida.

7. Defendant Resco International LLC ("Resco") is a Florida limited liability company with its principal place of business at 999 Brickell Avenue, Suite 1000, Miami, Florida 33131. Defendants Delma Koessler and Robert Koessler are the managing members of Resco.

8. Defendant Finance Industry Corporation ("Finance Industry") is a Delaware corporation with a registered agent in Lewes, Delaware. Finance Industry is operated in Florida by Defendants Delma and Robert Koessler and, upon information and belief, they are the sole shareholders of the company. Finance Industry is not authorized to transact business in the state of Florida, although it holds itself out on many publicly filed documents as a Florida corporation having an address in Miami, Florida.

9. Defendant FIG Management LLC ("FIG") is a Florida limited liability company with its principal address at 999 Brickell Avenue, Suite 1000, Miami, Florida 33131. Defendants Delma Koessler and Robert Koessler are managing members of FIG.

10. Defendant Delma Koessler is an individual and resident of Miami-Dade County, Florida. Delma Koessler is a licensed real estate broker in the state of Florida.

11. Defendant Robert Koessler is an individual and resident of Miami-Dade County, Florida.

## PRELIMINARY STATEMENT

12. This case uncovers a pattern of fraud and exploitation by the Defendants of two French citizens who sought to invest their savings in real estate in the United States of America.

13. The scheme, organized by Defendants Delma and Robert Koessler and perpetrated through various entities under their ownership and control, involved, *inter alia*, purported sales of properties, conflicts of interest, undisclosed mortgages, and unrecorded deeds on properties that the Koesslers and their entities owned and encouraged Plaintiff to buy.

14. The Koesslers' management company, Defendant FIG, also promised to manage these properties for the French Plaintiffs as rentals. They collected thousands of dollars in rent money for more than a year, not a dime of which Plaintiffs have ever received.

## GENERAL ALLEGATIONS

15. In 2011, Plaintiffs Bernard and Sylvie Combe sought to invest in the U.S. real estate market. They contacted Defendants Delma Koessler and Robert Koessler after seeing, in French, Flocar's website, which offered the company's services in finding and purchasing Miami-area real estate.

16. Defendants Robert Koessler, Delma Koessler, and Flocar solicited Plaintiffs to purchase certain homes in Miami-Dade County, Florida and Ft. Myers, Florida.

17. Over the course of 2012, Plaintiffs agreed to purchase four different properties through Flocar. Plaintiffs signed contracts for the four properties.

18. Plaintiffs agreed that, after Plaintiffs paid for the properties, Flocar would assist Plaintiffs in placing their purchased properties into certain LLCs that Plaintiffs had created.

19. Over the next several months, Plaintiffs eventually sent over $600,000.00 to Flocar, Resco, and Finance Industry.

20. The real estate transactions all involved unlawful or tortious activity as described in detail below.

REAL ESTATE TRANSACTION I: 18452 HEATHER ROAD, FORT MYERS, FL

21. In April or May of 2012, Plaintiffs paid approximately $145,000 for the purchase of the property **18452 Heather Road, Fort Myers, FL** from Defendant Resco, with Defendant Flocar acting as broker and agent. Plaintiffs do not currently have a copy of the sales contract to attach hereto.

22. Plaintiffs attended the closing for the property at Flocar's offices and either Flocar, Resco, the Koesslers, or a closing agent prepared and HUD settlement statement. (A copy of the HUD settlement statement is attached hereto as Exhibit A).

23. The HUD statement lists Plaintiffs as the buyers and Resco as the seller. The HUD statement lists all the taxes, fees, and title insurance charges that Plaintiffs paid. The HUD statement also lists the the brokerage fees that Plaintiffs paid to Flocar.

24. Flocar and Resco are both owned by the Koesslers. However, neither Flocar, Resco, nor the Koesslers ever disclosed to Plaintiffs that in 2010 Resco, through its principals Delma and Robert Koessler, had recorded a mortgage on the property in favor of another party for $42,500.00. (A copy of the mortgage is attached hereto as Exhibit B).

25. Moreover, Resco sold the property to Plaintiffs with the intention that Resco and Flocar would assist in placing the property into Plaintiffs' LLC called Heather Kalliste LLC.

Resco executed a deed in May of 2012 in favor of this LLC (oddly, contract was in the names of Plaintiffs).

26. However, neither Resco, Flocar, nor Defendants Delma and Robert Koessler bothered to record a deed for this property until April 2013, nearly a year later. Then, Resco, Flocar, Defendant Delma Koessler, or Defendant Robert Koessler only recorded a quitclaim deed, rather than a warranty deed as Plaintiffs had expected.

REAL ESTATE TRANSACTION II: 8967 SW 225 STREET, CUTLER BAY, FL

27. In September of 2012, Plaintiffs entered into a contract to purchase the property **8967 SW 225 Street, Cutler Bay, FL** from Defendant Resco, with Flocar acting as broker and agent. Plaintiffs paid approximately $158,000.00 for this property. (A copy of the contract is attached hereto as Exhibit C).

28. It was agreed that Resco, Flocar, and he Koesslers would assist Plaintiffs in placing this property into one of Plaintiffs' limited liability companies, 8967 LLC. Defendants Resco, Flocar, or the Koesslers prepared a deed for the property in September of 2012, but negligently did not bother to record it until April of 2013. Then, via a quitclaim deed, Resco, Flocar, or the Koesslers finally recorded it.

REAL ESTATE TRANSACTION III: 22079 SW 92 PLACE, MIAMI, FL

29. In April of 2012, Plaintiff Bernard Combe purportedly purchased the property **22079 SW 92 Place, Miami, FL** from Defendant Finance Industry, with Flocar acting as an agent and broker, for $190,000.00. Plaintiffs do not currently have a copy of the sales contract to attach hereto.

30. Plaintiffs attended the closing and either Flocar, Finance Industry, the Koesslers, or a closing agent prepared a HUD settlement statement for the transaction that Mr. Combe and

Robert Koessler, on behalf of Finance Industry, signed. (A copy of the HUD settlement statement is attached hereto as Exhibit D).

31. The statement shows Plaintiff Bernard Combe as the purchaser and "Finance Industy [sic] Corp., A Florida Corp." (which is untrue, as it is not a Florida corporation) as the seller.

32. Plaintiff Bernard Combe, according to the HUD statement, paid the purchase price, Flocar's broker's fees, taxes, assessments, and title insurance fees.

33. However, neither Finance Industry, Flocar, or the Koesslers (who are essentially all one and the same) ever delivered a deed to Plaintiff Combe. In fact, no deed has ever been recorded in connection with this purchase.

34. The only deed appearing in the official records for Miami-Dade County is a deed showing the transfer of the property from a bank to seller Finance Industry on April 9, 2012.

35. Also on April 9, 2012, Finance Industry, through its principals Delma and Robert Koessler, recorded a mortgage on the very same property in favor of another party for $62,500.00. (A copy of the mortgage is attached hereto as Exhibit E).

36. This pre-existing mortgage was never disclosed to the Plaintiffs on the date the HUD statement was signed on April 16, just eleven days later.

37. Plaintiff Bernard Combe has never received title to this property.

REAL ESTATE TRANSACTION IV: 21943 SW 88 PATH, MIAMI, FL

38. On or about August of 2012, Plaintiffs entered into a real estate contract with Resco for the purchase of the property **21943 SW 88 Path, Miami, FL**. (A copy of the contract is attached hereto as Exhibit F).

39. Plaintiffs submitted to Flocar and/or Resco approximately $158,000.00 for the purchase price, but the sale never occurred.

40. Defendant Flocar said that the money could be used to purchase another property, exactly alike, in the same subdivision. But to date, Plaintiffs' money has never been returned or used for that purpose..

### FIG MANAGEMENT'S ROLE

41. Since the time Plaintiffs purchased the **18452 Heather Road, Fort Myers, FL** and **8967 SW 225 Street, Cutler Bay, FL** properties, Defendant FIG has been the management company responsible for leasing the properties to tenants, collecting rent, and taking care of maintenance.

42. FIG has charged Plaintiffs for taxes and insurance premiums on the properties, which Plaintiffs have paid. FIG has collected rent money for the properties.

43. FIG is supposed to maintain accurate accounting records and also transfer rental profits to the Plaintiffs. FIG has sent Plaintiffs account statements that show lower rents being collected than previously agreed to and several questionable expenses deducted by FIG.

44. To date, FIG has been collecting rental income payments on behalf of Plaintiffs, yet Plaintiffs have received not one cent of it in spite of repeated demands..

### COUNT I – FRAUD IN THE INDUCEMENT
Against Flocar, Resco, Delma Koessler, and Robert Koessler

45. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

46. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler did solicit and cause to be solicited from Plaintiffs money for the purchase of the **<u>18452 Heather Road, Fort Myers, FL</u>** property.

47. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler made material misrepresentations of fact to Plaintiffs regarding the property.

48. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler intentionally concealed from Plaintiffs the material fact that the property at **<u>18452 Heather Road, Fort Myers, FL</u>** had an existing mortgage on it at the time they sold it to Plaintiffs.

49. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler knew that the misrepresentations were false.

50. The misrepresentations were made with the purpose of inducing the Plaintiffs to rely upon them.

51. Plaintiffs relied on the misrepresentations to their detriment, paying Defendants Flocar, Resco, Delma Koessler, and Robert Koessler approximately $145,000.00 for the property.

WHEREFORE, Plaintiffs demand judgment against Defendants Flocar, Resco, Delma Koessler, and Robert Koessler and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## <u>COUNT II – RESCISSION</u>

<u>Against Resco</u>

52. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

53. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler made material misrepresentations of fact to Plaintiffs regarding the title of the **18452 Heather Road, Fort Myers, FL** property.

54. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler intentionally concealed from Plaintiffs the material fact that the property at **18452 Heather Road, Fort Myers, FL** had an existing mortgage on it at the time they sold it to Plaintiffs.

55. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler knew that the misrepresentations were false.

56. The misrepresentations were made with the purpose of inducing the Plaintiffs to rely upon them.

57. Plaintiffs entered into the contract as a result of fraudulent inducement.

58. Plaintiffs should be restored to their pre-contract *status quo*.

WHEREFORE, Plaintiffs seek judgment against Resco, rescission of the contract, damages restoring Plaintiffs to their pre-contract *status quo*, interest, costs, reasonable attorney's fees, and any other such relief that this Court deems just and proper.

## COUNT III – FRAUDULENT MISREPRESENTATION

Against Flocar, Resco, Delma Koessler, and Robert Koessler

59. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

60. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler did solicit and cause to be solicited from Plaintiffs money for the purchase of the **18452 Heather Road, Fort Myers, FL** property.

61. Defendants made multiple material misrepresentations of material facts to Plaintiffs regarding the property.

62. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler intentionally concealed from Plaintiffs the material fact that the **18452 Heather Road, Fort Myers, FL** property had an existing mortgage on it at the time Defendants sold it to Plaintiffs.

63. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler knew that the misrepresentations were false.

64. The misrepresentations were made with the purpose of inducing the Plaintiffs to rely upon them.

65. Plaintiffs relied on the misrepresentations to their detriment.

66. Plaintiffs have suffered damages as a result of relying on the misrepresentations.

WHEREFORE, Plaintiffs demand judgment against Defendants Flocar, Resco, Delma Koessler, and Robert Koessler and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## COUNT IV – FRAUD IN THE INDUCEMENT

### Against Flocar, Finance Industry, Delma Koessler, and Robert Koessler

67. Plaintiff Bernard Combe repeats and realleges the allegations in paragraphs 1 through 44 above as if fully set forth herein.

68. Defendants Flocar, Finance Industry, Delma Koessler, and Robert Koessler did solicit and cause to be solicited from Plaintiff Bernard Combe money to be used for the purchase of the **22079 SW 92 Place, Miami, FL** property.

69. Defendants Flocar, Finance Industry, Delma Koessler, and Robert Koessler made material misrepresentations of fact to Mr. Combe regarding the title of the property.

70. Defendants Flocar, Finance Industry, Delma Koessler, and Robert Koessler intentionally concealed from Plaintiff Bernard Combe the material fact that the **22079 SW 92 Place, Miami, FL** property had an existing mortgage on it at the time they sold it to him.

71. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler knew that the misrepresentations were false.

72. The misrepresentations were made with the purpose of inducing Mr. Combe to rely upon them.

73. Plaintiff Bernard Combe relied on the misrepresentations to their detriment, paying Defendants Flocar, Finance Industry, Delma Koessler, and Robert Koessler approximately $158,000.00 for the property.

WHEREFORE, Plaintiff Bernard Combe demands judgment against Defendants Flocar, Finance Industry, Delma Koessler, and Robert Koessler and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## COUNT V – RESCISSION

### Against Finance Industry

74. Plaintiff Bernard Combe repeats and realleges the allegations in paragraphs 1 through 44 above as if fully set forth herein.

75. Defendants Flocar, Finance Industry, Delma Koessler, and Robert Koessler made material misrepresentations of fact to Plaintiff regarding the title of the **22079 SW 92 Place, Miami, FL** property.

76. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler intentionally concealed from Mr. Combe the material fact that the **22079 SW 92 Place, Miami, FL** property had an existing mortgage on it at the time they sold it to Plaintiffs.

77. Defendants Flocar, Resco, Delma Koessler, and Robert Koessler knew that the misrepresentations were false.

78. The misrepresentations were made with the purpose of inducing the Plaintiff to rely upon them.

79. Plaintiff entered into the contract as a result of fraudulent inducement.

80. Plaintiff should be restored to their pre-contract *status quo*.

WHEREFORE, Plaintiff Bernard Combe seeks judgment against Finance Industry, rescission of the contract, damages restoring Plaintiff to his pre-contract *status quo*, interest, costs, reasonable attorney's fees, and any other such relief that this Court deems just and proper.

### COUNT VI – FRAUDULENT MISREPRESENTATION

Against Flocar, Finance Industry, Delma Koessler, and Robert Koessler

81. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

82. Defendants Flocar, Finance Industry, Delma Koessler, and Robert Koessler did solicit and cause to be solicited from Plaintiffs money to be used for the purchase of the **22079 SW 92 Place, Miami, FL** property.

83. Defendants made multiple material misrepresentations of material facts to Plaintiffs regarding the property.

84. Defendants Flocar, Finance Industry, Delma Koessler, and Robert Koessler intentionally concealed from Plaintiffs the material fact that the **22079 SW 92 Place, Miami, FL** property had an existing mortgage on it at the time Defendants sold it to Plaintiffs.

85. Defendants Flocar, Finance Industry, Delma Koessler, and Robert Koessler knew that the misrepresentations were false.

86. The misrepresentations were made with the purpose of inducing the Plaintiffs to rely upon them.

87. Plaintiffs relied on the misrepresentations to their detriment.

88. Plaintiffs have suffered damages as a result of relying on the misrepresentations.

WHEREFORE, Plaintiffs demand judgment against Defendants Flocar, Finance Industry, Delma Koessler, and Robert Koessler and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## COUNT VII – BREACH OF CONTRACT

### Against Finance Industry

89. Plaintiff Bernard Combe repeats and realleges the allegations in paragraphs 1 through 44 above as if fully set forth herein.

90. Defendant Finance Industry entered into a contract with Plaintiff for the sale of the **22079 SW 92 Place, Miami, FL** property.

91. Plaintiff paid Defendant Finance Industry approximately $158,000.00 in performance of the contract.

92. Defendant Finance Industry breached the contract by never delivering a deed to the property.

93. Plaintiff Bernard Combe has suffered damages as a result of Defendant Finance Industry's breach.

WHEREFORE, Plaintiff Bernard Combe demands judgment against Defendant Finance Industry and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## COUNT VIII – BREACH OF FIDUCIARY DUTY

### Against Flocar, Delma Koessler, and Robert Koessler

94. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

95. Plaintiffs and Defendants Flocar, Delma Koessler, and Robert Koessler shared a fiduciary relationship whereby Plaintiffs reposed trust and confidence in Defendants and Defendants undertook such trust and assumed a duty to advise, counsel, and/or protect Plaintiffs.

96. Defendants breached those duties to Plaintiff by, among other things, concealing existing mortgages on properties they sold to Plaintiffs, failing to return money that should be in escrow for property never purchased, failing to record deeds timely or at all, failing to deliver property sold, and other actions personally benefiting Defendants at the expense of Plaintiffs.

97. Defendants' breach has caused Plaintiffs to suffer damages.

WHEREFORE, Plaintiffs demand judgment against Defendants Flocar, Delma Koessler, and Robert Koessler and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## COUNT IX – BREACH OF FIDUCIARY DUTY

### Against FIG

98. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

99. Plaintiffs and Defendant FIG shared a fiduciary relationship whereby Plaintiffs reposed trust and confidence in Defendants and Defendant undertook such trust and assumed a duty to advise, counsel, and/or protect Plaintiffs.

100. Defendant breached those duties to Plaintiff by, among other things, failing to remit to Plaintiffs rental money due to them, failure to give proper and timely information as to the status of rental income and expenses, and charging unnecessary expenses.

101. Defendant's breach has caused Plaintiffs to suffer damages.

WHEREFORE, Plaintiffs demand judgment against Defendant FIG Management and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

### COUNT X – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")

Against Defendants Flocar, Resco, Finance Industry, Delma Koessler, and Robert Kessler

102. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

103. Plaintiffs are "consumers" as defined in § 501.203(7), Fla. Stat. (2012) and the transactions described herein comprise "trade or commerce" as defined in § 501.203(8), Fla. Stat. (2012).

104. The conduct of Defendants described in this Complaint comprises an unfair method of competition, an unconscionable act or practice, or an unfair or deceptive act or practice in the conduct of the trade or commerce of selling real estate and building homes.

105. Plaintiffs have engaged the undersigned counsel to represent them in this action and have agreed to pay said firm a reasonable fee for its services. Pursuant to § 501.2105, Fla. Stat. (2012).

WHEREFORE, Plaintiffs demand judgment and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## COUNT XI – BREACH OF CONTRACT

### Against Resco

106. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

107. In or about 2012, Plaintiffs entered into a real estate sales contract with Resco for the purchase of the **21943 SW 88 Path, Miami, Florida** property.

108. Plaintiffs paid Defendant Resco approximately $150,000.00 in performance of the contract.

109. Defendant Resco breached the contract by never completing the sale of the property.

110. As a result, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## COUNT XII – UNJUST ENRICHMENT

### Against Resco and Finance Industry

111. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

112. Plaintiffs have conferred a benefit on Defendants Resco and Finance Industry in the form of money conferred for which nothing was received.

113. Defendant Rescos and Finance Industry have voluntarily accepted and retained the benefit conferred.

114. The circumstances render Defendant Resco's and Defendant Finance Industry's retention of the benefit inequitable unless they pay to Plaintiffs the value of the benefit.

115. Plaintiffs are entitled to damages as a result of Defendant Resco's and Defendant Finance Industry's unjust enrichment, including the disgorgement of all monies unlawfully accepted from Plaintiff.

WHEREFORE, Plaintiffs demand judgment against Defendants Resco and Finance Industry, and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## COUNT XIII – ACCOUNTING

### Against FIG

116. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

117. Plaintiffs and Defendant FIG share a fiduciary relationship or entered into a complex transaction.

118. A remedy at law is inadequate and Plaintiff demands an accounting.

WHEREFORE, Plaintiffs demand judgment against FIG and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## COUNT XIV – CONVERSION

### Against Flocar, Resco, Finance Industry, Delma Koessler, and Robert Koessler

119. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

120. Defendants Flocar, Resco, Finance Industry, Delma Koessler, and Robert Koessler converted to their own use Plaintiffs' money for the purported purchase of real estate.

121. Plaintiffs have demanded return of the money.

122. Plaintiffs have been damaged due to Defendants' actions.

WHEREFORE, Plaintiffs demand judgment against Flocar, Resco, Finance Industry, Delma Koessler, and Robert Koessler, and damages, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## COUNT XV – CIVIL CONSPIRACY

### Against Defendants Delma Koessler and Robert Koessler

123. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 44 above as if fully set forth herein.

124. Defendants Delma Koessler and Robert Koessler are parties to a civil conspiracy.

125. Defendants Delma Koessler and Robert Koessler conspired to do unlawful acts.

126. Defendants Delma Koessler and Robert Koessler conspired to use Flocar to sell property owned by their other companies and to intentionally pass those properties with encumbered title without disclosing it to Plaintiffs.

127. Defendants Delma Koessler and Robert Koessler conspired to use Flocar to sell property owned by their other companies and to never deliver title to that property to the Plaintiffs.

128. Defendants Delma Koessler and Robert Koessler conspired to fraudulently induce Plaintiffs into entering in real estate transactions.

129. Defendants Delma Koessler and Robert Koessler owed a duty to Plaintiffs to protect them from engaging in such transactions that would cause Plaintiffs financial harm.

130. Defendants committed overt acts in furtherance of their conspiracy, including entering into contracts and closing on properties, via their subsidiary companies, and hiding existing encumbrances; soliciting hundreds of thousands of dollars for the same; and making misrepresentations regarding the property's title.

131. Defendants' conspiracy and their respective overt acts caused Plaintiffs to suffer damages.

WHEREFORE, Plaintiffs demand judgment and damages against Defendants Delma Koessler and Robert Koessler for civil conspiracy, interest, reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all actions so triable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

Gary D. Farmer, Jr.
Florida Bar No. 68725
HINSHAW & CULBERTSON LLP
One East Broward Boulevard, Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Email: gfarmer@hinshawlaw.com

*Attorneys for Plaintiffs*