INSTR # 2010000176823 Doc Type MTG, Pages 5, Recorded 07/16/2010 at 11:27 AM
Charlie Green, Lee County Clerk of Circuit Court, Mtg Doc: $148.75 Int. Tax
$85.00 Rec. Fee $44.00 Deputy Clerk JMILLER

Case 1:13-cv-22727-UU Document 1-4 Entered on FLSD Docket 07/30/2013 Page 1 of 5

Prepared by and return to:

Jorge Luis Lopez-Garcia, P.A.
1450 Madruga Avenue Suite 408
Coral Gables, FL 33146
305-662-2525
File Number: 10-4184-RE
Will Call No.:



EXHIBIT B

_____[Space Above This Line For Recording Data]_____

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $42,500.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

# MORTGAGE

**This Indenture**, Made this July 6, 2010 by and between **Resco International, LLC.**, a Florida Limited Liability Company whose address is **7463 SW 188 Terr, Cutler Bay, FL 33157**, hereinafter called the Mortgagor, and **Creative Juice, LLC**, a Florida limited liability company whose address is **2601 S Bayshore Dr # 200, Miami, FL 33133**, hereinafter called the Mortgagee:

> The terms "Mortgagor" and "Mortgagee", shall include heirs, personal representatives, successors, legal representatives and assigns, and shall denote the singular and/or the plural, and the masculine and/or the feminine and natural and/or artificial persons, whenever and wherever the context so admits or requires.

**Witnesseth**, that the said Mortgagor, for and in consideration of the aggregate sum named in the promissory note, a copy of which is attached hereto and made a part hereof, the receipt of which is hereby acknowledged, does grant, bargain and sell to the said Mortgagee, his successors and assigns, in fee simple, the following described land, situate, lying and being in Lee County, Florida, to-wit:

> Lots 33 and 34, Block 95, Unit 7, San Carlos Park, according to the map or plat thereof, as recorded in Deed Book 315, Pages 129 to 131, inclusive, of the Public Records of Lee County, Florida.

And the said Mortgagor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

**Provided always**, that if said Mortgagor, his successors or assigns, shall pay unto the said Mortgagee, his successors or assigns, that certain promissory note, of which a true and correct copy is attached, and Mortgagor shall perform, comply with and abide by each and every stipulation, agreement, condition and covenant of said promissory note and of this mortgage, and shall duly pay all taxes, all insurance premiums reasonably required, all costs and expenses including reasonable attorneys fees that Mortgagee may incur in collecting money secured by this mortgage, and also in enforcing this mortgage by suit or otherwise, then this mortgage and the estate hereby created shall cease and be null and void.

Mortgagor hereby covenants and agrees:

1. To pay the principal and interest and other sums of money payable by virtue of said promissory note and this mortgage, or either, promptly on the days respectively the same severally come due.

2. To keep the buildings now or hereafter on the land insured for fire and extended coverage in a sum at least equal to the amount owed on the above described promissory note, and name the Mortgagee as loss payees, and to furnish Mortgagee with a copy of all current policies. If Mortgagor does not provide Mortgagee with copies of the policies showing Mortgagee as loss payees after 14 days written demand by Mortgagee, then Mortgagee may purchase such insurance and

Initials: _____ _____

DoubleTime®

shall add any payments made for such policy to the principal balance owed on the mortgage, and such payments shall accrue interest at the maximum rate of interest allowed by law. In the event any sum of money becomes payable under such policy, Mortgagee, his legal representatives or assigns, shall have the option to receive and apply the same on account of the indebtedness hereby secured or to permit Mortgagor to receive and use it or any part thereof for repair or replacement, without hereby waiving or impairing any equity, lien or right under or by virtue of this mortgage. In the event of loss Mortgagor shall give immediate notice to Mortgagee.

3. To permit, commit or suffer no waste, impairment or deterioration of the property, or any part thereof.

4. To permit no other lien or mortgage to be placed ahead of this mortgage.

5. Mortgagor shall provide proof of payment of annual real estate taxes by March 15, for the preceding years taxes. In the event that Mortgagor does not pay the taxes by such date, the Mortgagee may pay the taxes and the full amount of such payment by Mortgagee shall be added to the principal balance owed on the mortgage, and shall accrue interest at the maximum rate allowed by law.

6. The Mortgagee may, at any time pending a suit upon this mortgage, apply to the court having jurisdiction thereof for the appointment of a receiver, and such court shall forthwith appoint a receiver, and such receiver shall have all the broad and effective functions and powers in anywise entrusted by a court to a receiver, and such appointment shall be made by such court as an admitted equity and a matter of absolute right to said Mortgagee. The rents, profits, income, issues, and revenues shall be applied by such receiver according to the lien of this mortgage.

7. If any of the sums of money due and owing to Mortgagee under the terms of the promissory note and this mortgage, including but not limited to any advance made by Mortgagee for the payment of insurance or taxes, are not paid within 15 days after the same become due and payable, or if each of the stipulations, agreements, conditions and covenants of the promissory note and this mortgage, or either, are not fully performed or complied with the aggregate sum owed on the promissory note shall become due and payable forthwith or thereafter at the option of Mortgagee, his successors, legal representatives, or assigns.

This mortgage and the note hereby secured shall be construed and enforced according to the laws of the State of Florida.

The principal sum secured hereby, along with any interest to be paid in accordance with the terms of the note secured hereby, shall immediately become due and payable without notice, if a transfer of title to the premises by sale or otherwise is made without the Mortgagee's written consent, while this mortgage remains a lien thereon, at the option of Mortgagee, his successors, legal representatives, or assigns.

Executed at **Lee County, Florida** on the date written above.

Signed, sealed and delivered in the presence of:

X _____
Witness Name: Naudo Feliz

Witness Name: Vanessa Deas

X _____
Witness Name: Naudo Feliz

Witness Name: Vanessa Deas

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $42,500.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE..

Resco International, LLC, a Florida limited liability company

By: X _____
Robert Koessler, Managing Member

By: _____
Delma Koessler, Managing Member

(Corporate Seal)

**RESCO INTERNATIONAL LLC**
1111 Brickell Avenue Suite 1100
Miami, FL 33131
Tel. 305.542.2739 Fax. 305.647.0603
email: rescollc@att.net

State of Florida
County of Dade

The foregoing instrument was acknowledged before me this 6th day of July, 2010 by Robert Koessler, Managing Member of Resco International, LLC., a Florida Limited Liability Company, on behalf of the corporation. He [ ] is personally known to me or [X] has produced a driver's license as identification.

[Notary Seal] CHRISTINE Z. CARDENTEY
Notary Public, State of Florida
Commission #DD905893
My Commission Expires Jul. 09, 2013

Notary Public _____
Printed Name: Christine Z. Cardentey
My Commission Expires: Jul. 09, 2013

State of Florida
County of Dade

The foregoing instrument was acknowledged before me this 6th day of July, 2010 by Delma Koessler, Managing Member, Managing Member, who [X] is personally known or [ ] has produced a driver's license as identification.

[Notary Seal]

CHRISTINE Z. CARDENTEY
Notary Public, State of Florida
Commission #DD905893
My Commission Expires Jul. 09, 2013

Notary Public _____
Printed Name: Christine Z. Cardentey
My Commission Expires: Jul. 09, 2013

*Florida Mortgage - Page 3*

DoubleTime

Exhibit "A"

# PROMISSORY NOTE

$42,500.00  
July 6, 2010  
Fort Myers, Lee County, Florida

FOR VALUE RECEIVED, the undersigned promise to pay to the order of **Creative Juice, LLC**, a Florida limited liability company at 2601 S Bayshore Dr # 200, Miami, FL 33133 or at such other address as may be indicated in writing, in the manner hereinafter specified, the principal sum of Forty-Two Thousand Five Hundred and 00/100 Dollars ($42,500.00) with interest from the date hereof, at the rate of Twelve percent ( 12 %) per annum on the balance from time to time remaining unpaid. The said principal and interest shall be payable in lawful money of the United States of America, on the date and in the following manner:

> **The sum of $425.00 representing a payment of interest only shall be due and payable on August 6, 2010, and on the 6th day of each month thereafter until August 6, 2012, at which time the remaining principal balance, together with any accrued but unpaid interest, shall be due.**
>
> **All payments shall be first applied to late charges, if any, then to the payment of accrued interest, and the balance remaining, if any, shall be applied to the payment of the principal sum.**
>
> **Should borrower decides to prepay the subject loan within the first 12 months of repayment, a 3% prepayment penalty of the principal loan amount shall be due and payable to lender.**
>
> **This note may be prepaid, in whole or in part, without penalty, after the first twelve months of repayment.**

This note with interest is secured by a **first mortgage** on real estate, of even date herewith, the terms of which are incorporated herein by reference, made by the makers hereof in favor of the said payee, and shall be construed and enforced according to the laws of the State of Florida.

If default be made in the payment of any installment under this note, and if such default is not made good within 15 days, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at a later time for the same default or for any subsequent default. Any payment not received within 10 days of the due date shall include a late charge of 5% of the payment due. In the event of default in the payment of this note, and if the same is placed in the hands of any attorney for collection, the undersigned hereby agree to pay all costs of collection, including a reasonable attorneys' fee.

Makers waive demand, presentment for payment, protest, and notice of nonpayment and dishonor.

DoubleTime®

Resco International, LLC, a Florida limited liability company

By: _____
Robert Koessler -Borrower, Managing Member

By: _____
Delma Koessler -Borrower, Managing Member

(Corporate Seal)

_____
Robert Koessler, Individually

_____
Delma Koessler, Individually

The state documentary tax due on this Note has been paid on the Mortgage securing this indebtedness.