```
CFN 2012R0248840
OR Bk 28064 Pgs 4536 - 4538; (3pgs)
RECORDED 04/09/2012 09:46:32
MTG DOC TAX 218.75
INTANG TAX 125.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```



EXHIBIT E

Prepared by and return to:

Jorge Luis Lopez-Garcia, P.A.
1450 Madruga Avenue Suite 408
Coral Gables, FL 33146
305-662-2525
File Number: 12-7006-RE
Will Call No.:

_____[Space Above This Line For Recording Data]_____

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $62,500.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

# MORTGAGE

**This Indenture**, Made this March 16, 2012 by and between Finance Industry Corporation a Delaware Corporation whose address is 999 Brickell Ave # 1000, Miami, FL 33131, hereinafter called the Mortgagor, and Creative Juice, LLC, a Florida limited liability company whose address is 1915 Brickell Ave # CC-3, Miami, FL 33129, hereinafter called the Mortgagee:

> The terms "Mortgagor" and "Mortgagee", shall include heirs, personal representatives, successors, legal representatives and assigns, and shall denote the singular and/or the plural, and the masculine and/or the feminine and natural and/or artificial persons, whenever and wherever the context so admits or requires.

**Witnesseth**, that the said Mortgagor, for and in consideration of the aggregate sum named in the promissory note, a copy of which is attached hereto and made a part hereof, the receipt of which is hereby acknowledged, does grant, bargain and sell to the said Mortgagee, his successors and assigns, in fee simple, the following described land, situate, lying and being in Miami-Dade County, Florida, to-wit:

> Lot 10, Block 9, Lakes By the Bay Cee, according to teh Plat thereof, as recorded in Plat Book 161, at Page 88, of the Public Records of Miami-Dade County, Florida.

And the said Mortgagor does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

**Provided always**, that if said Mortgagor, his successors or assigns, shall pay unto the said Mortgagee, his successors or assigns, that certain promissory note, of which a true and correct copy is attached, and Mortgagor shall perform, comply with and abide by each and every stipulation, agreement, condition and covenant of said promissory note and of this mortgage, and shall duly pay all taxes, all insurance premiums reasonably required, all costs and expenses including reasonable attorneys fees that Mortgagee may incur in collecting money secured by this mortgage, and also in enforcing this mortgage by suit or otherwise, then this mortgage and the estate hereby created shall cease and be null and void.

Mortgagor hereby covenants and agrees:

1. To pay the principal and interest and other sums of money payable by virtue of said promissory note and this mortgage, or either, promptly on the days respectively the same severally come due.

2. To keep the buildings now or hereafter on the land insured for fire and extended coverage in a sum at least equal to the amount owed on the above described promissory note, and name the Mortgagee as loss payees, and to furnish Mortgagee with a copy of all current policies. If Mortgagor does not provide Mortgagee with copies of the policies showing Mortgagee as loss payees after 14 days written demand by Mortgagee, then Mortgagee may purchase such insurance and

Initials: _____

DoubleTimes

shall add any payments made for such policy to the principal balance owed on the mortgage, and such payments shall accrue interest at the maximum rate of interest allowed by law. In the event any sum of money becomes payable under such policy, Mortgagee, his legal representatives or assigns, shall have the option to receive and apply the same on account of the indebtedness hereby secured or to permit Mortgagor to receive and use it or any part thereof for repair or replacement, without hereby waiving or impairing any equity, lien or right under or by virtue of this mortgage. In the event of loss Mortgagor shall give immediate notice to Mortgagee.

3. To permit, commit or suffer no waste, impairment or deterioration of the property, or any part thereof.

4. To permit no other lien or mortgage to be placed ahead of this mortgage.

5. Mortgagor shall provide proof of payment of annual real estate taxes by March 15, for the preceding years taxes. In the event that Mortgagor does not pay the taxes by such date, the Mortgagee may pay the taxes and the full amount of such payment by Mortgagee shall be added to the principal balance owed on the mortgage, and shall accrue interest at the maximum rate allowed by law.

6. The Mortgagee may, at any time pending a suit upon this mortgage, apply to the court having jurisdiction thereof for the appointment of a receiver, and such court shall forthwith appoint a receiver, and such receiver shall have all the broad and effective functions and powers in anywise entrusted by a court to a receiver, and such appointment shall be made by such court as an admitted equity and a matter of absolute right to said Mortgagee. The rents, profits, income, issues, and revenues shall be applied by such receiver according to the lien of this mortgage.

7. If any of the sums of money due and owing to Mortgagee under the terms of the promissory note and this mortgage, including but not limited to any advance made by Mortgagee for the payment of insurance or taxes, are not paid within 15 days after the same become due and payable, or if each of the stipulations, agreements, conditions and covenants of the promissory note and this mortgage, or either, are not fully performed or complied with the aggregate sum owed on the promissory note shall become due and payable forthwith or thereafter at the option of Mortgagee, his successors, legal representatives, or assigns.

This mortgage and the note hereby secured shall be construed and enforced according to the laws of the State of Florida.

The principal sum secured hereby, along with any interest to be paid in accordance with the terms of the note secured hereby, shall immediately become due and payable without notice, if a transfer of title to the premises by sale or otherwise is made without the Mortgagee's written consent, while this mortgage remains a lien thereon, at the option of Mortgagee, his successors, legal representatives, or assigns.

Executed at Miami-Dade County, Florida on the date written above.

*Florida Mortgage - Page 2*

DoubleTime

Signed, sealed and delivered in the presence of:

Witness Name: Ana Amenabar
Witness Name: Vanessa Deas
Witness Name: Ana Amenabar
Witness Name: Vanessa Deas

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $62,500.00, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

Finance Industry Corporation a Delaware Corporation

By: _____
Robert Koessler, President

By: _____
Delma Koessler, Vice President

(Corporate Seal)

State of Florida
County of Miami-Dade

The foregoing instrument was acknowledged before me this 16th day of March, 2012 by Robert Koessler, President and Delma Koessler, Vice President of Finance Industry Corporation a Delaware Corporation, on behalf of the corporation. They [ ] are personally known to me or [X] have produced a driver's license as identification.

_____
Notary Public

[Notary Seal]

Printed Name: _____

My Commission Expires: _____

ANA M. AMENABAR
Notary Public - State of Florida
My Comm. Expires Mar 14, 2014
Commission # DD 970772
Bonded Through National Notary Assn.

*Florida Mortgage* - Page 3

DoubleTime